IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM REDER, as Personal | ) | |
| Representative of the Estate of CATHY | ) | |
| REDER, deceased, and WILLIAM | ) | |
| REDER, individually, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 04 C 6104 |
| | ) | |
| LAURA PEARLMAN, M.D., et al. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

On March 9, 2004, plaintiffs Cathy and William Reder filed this action in the Circuit

Court of Cook County, Illinois, against defendants Laura Pearlman, M.D., and Women's

Medical Group, P.C. (Women's Medical), for medical negligence and loss of consortium related

to Cathy Reder's development of cancer. A few weeks after filing suit Cathy Reder died. On

August 19, 2004, an amended complaint was filed naming William Reder, individually and as

representative of Cathy's estate, as the sole plaintiff, and adding Quest Diagnostics, Inc. (Quest)

and Neelofur Nazeer, M.D., as defendants.

The complaint alleges that Pearlman and Women's Medical were negligent in their care

of Cathy Reder, allowing her carcinoma to go undiagnosed and untreated, and to metastasize

into lung cancer. Plaintiff also alleges that Quest and Nazeer were negligent in their analysis

of tissue samples taken from Cathy. On September 20, 2004, defendants filed a notice of

removal on the basis of diversity jurisdiction. Plaintiff responded by filing a motion to remand

on November 9, 2004, and an amended motion to remand on November 22, 2004. Plaintiff's

motion is denied because it is untimely.

Federal district courts have original jurisdiction over actions between citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Defendants removed the action on this basis in accord with the procedure outlined in 28 U.S.C. § 1446. Plaintiff now moves to remand the action to the Circuit Court of Cook County pursuant to 28 U.S.C. 1447(c). Section 1447(c) states, in part, "A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Thus, a federal district court may remand a case for lack of subject matter jurisdiction at any time, but it can only remand for procedural defects if plaintiff raises the defect in a motion to remand filed within 30 days of removal. *See* Baker v. Kingsley, 387 F.3d 649, 654 (7th Cir. 2004). The 30-day time limit for motions to remand is strictly enforced to prevent "shuttling of cases between state and federal court," and "extended litigation that does no more than determine where litigation shall proceed." In The Matter of Continental Casualty Co., 29 F.3d 292, 295 (7th Cir. 1994).

Neither plaintiff's motion to remand nor his amended motion argues that this court lacks subject matter jurisdiction. Given that plaintiff is a resident of Wisconsin and defendants are residents of Illinois, and that the amount in controversy meets the jurisdictional requirement,[1] this court has diversity jurisdiction. Nonetheless, plaintiff argues that the removal was defective. He maintains that the removal was untimely, that defendants had

---

[1] Though plaintiff's complaint only states that he seeks damages in excess of $50,000 (in accord with Illinois pleading requirements), it is clear from the nature of the allegations that the amount in question exceeds the jurisdictional requirement. *See* Shaw v. Dow Brands, Inc., 994 F.2d 364, 366 (7th Cir. 1993)("Normally, the federal court in a removal action determines the amount in controversy by merely looking at plaintiff's state court complaint . . . ."). Plaintiff does not contest that the amount in question is at least $75,000.

waived their right to remove the case and that removal was improper under 28 U.S.C. § 1441(b) because defendants are all residents of the forum state. The motion fails because each of these alleged defects is procedural and was not raised within the statutory 30-day time limit. *See* In The Matter of Continental Casualty Co., 29 F.3d at 295 ("Procedural issues must be resolved quickly or not at all . . . ."); Cox v. Hi-Cube Express, Ltd., 2003 WL 23219936 at *1 (S.D.Ind. 2003)(citing Maniar v. F.D.I.C., 979 F.2d 782, 785 (9th Cir. 1992). Plaintiff filed his first motion to remand 50 days after defendant removed the action, and his amended motion 63 days after removal. Therefore, even though defendants' removal may have been untimely, we do not reach this issue because plaintiff waived his right to remand on this basis by not filing his motion within 30 days of removal. *See* Crowley v. Byrnes, 1997 WL 83304 (N.D.Ill. 1997)(recognizing that an untimely filing of a notice of removal is a procedural defect that must be addressed within 30 days); Johnson v. Burken, 930 F.2d 1202, 1206 (7th Cir. 1991). Likewise, the Seventh Circuit has made clear that a defendant's residence in the forum state is not a jurisdictional defect that can justify remand at any time, but rather, is a procedural defect that can be waived by failing to file a timely motion to remand. Hurley v. Motor Coach Industries, Inc., 222 F.3d 377, 380 (7th Cir. 2000)(holding that the plaintiff had only 30 days to object to removal based on defendant's residence in the forum state because "the only purpose that would be served by declaring the forum defendant rule jurisdictional would be to preserve for plaintiffs rights that the plaintiffs themselves failed to assert."). Finally, even if plaintiff's motion had been timely, the Seventh Circuit has found that waiver of the right to remove can only justify remand in exceptional circumstances such as where a party has proceeded to fully adjudicate the case. Rothner v. City of Chicago, 879 F.2d 1402, 1416 (7th Cir. 1989); *see* Cahill v. Ivex Novacel, Inc., 2004 WL 2064305 (N.D.Ill. 2004).

## CONCLUSION

For the foregoing reasons, plaintiff's motion to remand is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

Feb 8    , 2005.